UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                              Criminal Case Number 10-20635
                                              Honorable David M. Lawson

APOLINAR LUCERO JR.,

        Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

Presently before the Court is the defendant's motion seeking a reduction of his sentence based on a retroactive application of the sentencing guidelines.

The defendant suggests that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. U.S.S.G. § 2D1.1(c) (2015). On November 2, 2011, the defendant pleaded guilty to possession with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(vii). The Court calculated the defendant's guideline range to be 70 to 87 months. However, the Court sentenced the defendant to a total term of imprisonment of 120 months based on the statutory minimum sentence mandated by Congress.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. (emphasis added).

The defendant is not eligible for a sentence reduction because the defendant's sentence was based on the statutory minimum rather than U.S.S.G. § 2D1.1(c), which was amended by Guideline Amendment 782. *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that the defendant was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because his sentence was subject to a statutory mandatory minimum sentence, which was not subsequently reduced and therefore did not lower the defendant's applicable guideline range); *see also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (finding that the defendant was not entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) "because he was not in fact sentenced based on a Guidelines range that was subsequently reduced").

Accordingly, it is **ORDERED** that the defendant's motion for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(2) [dkt. #639] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  September 15, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI